IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY L. RUEGGE, II, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3095 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 17, the Motion to Dismiss filed by Holt County Attorney Thomas P. Herzog, in his individual capacity; (2) filing no. 41, the Motion to Dismiss filed by Dave Spiegel, Captain Rice and Investigator Harris, in their official capacities; and (3) filing no. 43, the Motion to Dismiss filed by Nebraska State Probation Officer Tara Price, in her individual and official capacities. In his complaint, as amended (filing nos. 1 and 7), the plaintiff, Larry L. Ruegge, II, asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging that law enforcement officers of the Nebraska State Patrol, Holt County and City of O'Neill, Nebraska subjected Mr. Ruegge to illegal search and seizure and false imprisonment.

Certain details of the incident are set forth in the decision by the Nebraska Court of Appeals in State v. Ruegge, 2005 WL 873730 (Neb. App. April 12, 2005) (unpublished), as follows:

> On or about May 1, 2002, Larry [Ruegge] was sentenced to 1 year's probation in Woodbury County, Iowa, after being convicted of a serious misdemeanor offense, possession of a controlled substance. The maximum penalty for this "serious misdemeanor" offense in Iowa is 1 year's imprisonment and a fine. On March 12, 2003, Larry was convicted in Holt County [Nebraska] of a Class IV felony offense, possession of a controlled substance. An application was filed in Iowa for revocation of Larry's probation, based on an allegation that his conviction in Nebraska constituted a violation of his Iowa probation order. On April 15, a misdemeanor arrest warrant was issued in Iowa for Larry's arrest.
>
> On April 15, 2003, an investigator with the O'Neill Police Department was made aware of the Iowa misdemeanor arrest warrant. On April 18, the

investigator ran an "NCIC" check on Larry, and on April 22, the NCIC check responded with a "hit" that Larry was subject to the Iowa arrest warrant. On or about April 21, O'Neill police officers met with the Holt County Attorney and members of the Nebraska State Patrol to discuss execution of the Iowa misdemeanor arrest warrant, and the group decided to utilize a special weapons and tactics (SWAT) team to assist with executing the warrant. The record indicates that Larry has a history of some violent conduct and resisting arrest.

On April 25, 2003, law enforcement became aware that Larry was at his home in O'Neill. With the assistance of the SWAT team, they entered Larry's home; arrested Larry; observed, inter alia, drugs and paraphernalia in plain view inside the home; and further arrested Larry's wife, Natasha. Based on the materials observed in plain view, a search warrant was obtained and executed and various evidence was seized from the home.

Id., 2005 WL 873730 at *1.

Charges were filed against both Larry and Natasha concerning the drugs and paraphernalia seized from the home. Both Larry and Natasha filed motions to suppress the evidence seized from the home, alleging that the initial arrest and entry into the home was unlawful. The two cases were consolidated for purposes of hearing on the motions to suppress.

On September 3, 2004, the district court entered an order suppressing the evidence seized from the home. The district court found that the Iowa misdemeanor arrest warrant was invalid outside of Iowa, that local law enforcement failed to comply with Nebraska statutes requiring the issuance of a local arrest warrant to execute an out-of-state misdemeanor arrest warrant, that there was not a proper warrantless arrest and entry into the home, and that the evidence subsequently seized was therefore properly suppressed. The State has prosecuted this appeal.

Id., 2005 WL 873730 at *2.

. . . .

Because the Iowa misdemeanor arrest warrant was, standing on its own, invalid in Nebraska and because the arrest and entry into Larry and Natasha's home was not justified by either a Nebraska arrest warrant or circumstances justifying a warrantless arrest, the district court was correct to suppress the evidence in this case. The district court's order is affirmed.

Id., 2005 WL 873730 at *5.

In filing no. 17, Holt County Attorney Thomas P. Herzog states that he has not been

2

served with process in his individual capacity.  He is correct.  In the court's Order on Initial Review (filing no. 6) of the plaintiff's original complaint, Magistrate Judge F. A. Gossett noted that the complaint did not specify that any defendant had been sued in an individual capacity.  As Magistrate Judge Gossett explained, in those circumstances, the law presumes that a defendant is sued *only* in an official capacity.  See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).  Because all defendants were sued only in their official capacities, the Order on Initial Review provided the addresses for service of process on the defendants in their official capacities only.   For example, as the Order on Initial Review pointed out: "The County of Holt, Nebraska (i.e., the Holt County employees in their official capacity) may be served on one summons c/o the Holt County Clerk,  PO Box 329, O'Neill, NE 68763." (Filing no. 6 at 2.)

The plaintiff then amended his complaint (filing no. 7) to specify that he intended to sue the defendants in their individual capacities also.  However, the plaintiff failed to complete forms for service of process upon the defendants appropriately for service of process upon them in their individual capacities, notwithstanding the information provided in the Order on Initial Review.

First, in the Order on Initial Review, Magistrate Judge Gossett authorized the plaintiff to amend his complaint to specify suit against the defendants in their individual, as well as official capacities, and Magistrate Judge Gossett noted the necessity of additional forms and different locations for service of process in such circumstances.  The Order stated:

> If suing the defendants in their official capacity *only* is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that he intends to sue the defendants, or any of them, in their individual capacity or in both their individual and official capacities.  If the plaintiff does amend his complaint to sue any defendant(s) in their individual capacity or in both capacities, the plaintiff must request additional summons forms and Form 285s.  **That is because government employees are served in different locations in their individual and official capacities.**

(Filing no. 6 at 1; emphasis added.)

Second, Magistrate Judge Gossett provided the addresses of the locations for service of process on the defendants in their **official capacities** pursuant to Neb. Rev. Stat. § 25-510.02, explicitly stating, in pertinent part:

> In completing the forms, the plaintiff shall comply with Neb. Rev. Stat. § 25-510.02 ....
>
> "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."
> ....
> The County of Holt, Nebraska (**i.e., the Holt County employees in their official capacity**) may be served on one summons c/o the Holt County Clerk, PO Box 329, O'Neill, NE 68763.
>
> The City of O'Neill, Nebraska (**i.e., the O'Neill city employees in their official capacity**) may be served on one summons c/o the Mayor of O'Neill and/or O'Neill City Clerk, 401 Fremont, O'Neill, NE 68763.

(Filing no. 6 at 2-3; emphasis added.)

Third, Magistrate Judge Gossett specified in Instructions attached to the Order on Initial Review that, if the plaintiff did amend his complaint, service of process on individual-capacity defendants differs from service on official-capacity defendants. The Order on Initial Review informed the plaintiff that individual-capacity service may be achieved by personal service on a defendant or on a defendant's agent authorized to receive service:

> For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. Holt County employees in their official capacity may be served c/o the Holt County Clerk, PO Box 329, O'Neill, NE 68763. O'Neill city employees in their official capacity may be served c/o the Mayor of O'Neill and/or O'Neill City Clerk, 401 Fremont, O'Neill, NE 68763.
>
> **On the other hand, government employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.**

(Filing no. 6 at 5; emphasis added.)

While personal service and service on an authorized agent are not the exclusive

4

means for service of process on individual-capacity defendants (see also residence service), the Order on Initial Review made it completely clear that the location(s) for official-capacity service do not suffice for individual-capacity service of process. Nevertheless, the plaintiff directed his only summons for Mr. Herzog to the County Clerk of Holt County (filing no. 10; see also filing no. 18, Affidavits of Mr. Herzog and County Clerk Ms. Pavel). In my view, Magistrate Judge Gossett's Order on Initial Review could not possibly have been construed to suggest that the County Clerk was authorized to accept service of process on behalf of Mr. Herzog in his individual capacity. In fact, the Order clearly stated otherwise, as quoted above.

Mr. Herzog correctly states that he has not been served with process in his individual capacity. The time for service of process has expired, and filing no. 17, Mr. Herzog's motion to be dismissed from this litigation in his individual capacity is granted.

In filing no. 41, defendants-Dave Spiegel, Captain Rice and Investigator Harris, in their official capacities, move for dismissal of the plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6), in particular because sovereign immunity bars the plaintiff's claims for damages against them in their official capacities. Defendants-Spiegel, Rice and Harris, employees of the Nebraska State Patrol, have been served with process only in their official capacities.

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer. The Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Thus, filing no. 41 is granted insofar as the plaintiff's claims for damages against Spiegel, Rice and Harris, in their official capacities, must be dismissed.

The plaintiff has not asserted any other kind of claim against those defendants and, indeed, he does not include any specific factual allegations against Spiegel, Rice and

Harris personally  The plaintiff has not resisted the motion to dismiss, requested leave to amend his complaint or otherwise indicated any reason why filing no. 41 should not be granted in its entirety.  Therefore, as Spiegel, Rice and Harris have not been brought before the court by service of process on them in their individual capacities; and as the State of Nebraska's sovereign immunity bars the plaintiff's claims for damages against those defendants in their official capacities, and as there is no other asserted or known basis for retaining Spiegel, Rice and Harris as defendants in this litigation in any capacity, filing no. 41 is granted, and those defendants are dismissed from this case.

In filing no. 43, Nebraska State Probation Officer Tara Price, in her individual and official capacities, moves to be dismissed from this litigation because she has not been served with process at all.  It is clear from the record, however, that the plaintiff incorrectly believed that Ms. Price was an employee of Holt County instead of an employee of the State of Nebraska.  Therefore, the plaintiff directed the forms for service of process on her to the Holt County Clerk.  As explained in the brief in support of Ms. Price's motion: "Tara Price is employed by the Nebraska State Probation Office and is assigned to Holt County and surrounding areas.  Service must be made either by personally serving Ms. Price or by service in accordance with Neb. Rev. Stat. § 25-510.02 for service on state employees in their official capacities."[1]  (Filing no. 44 at 1.)

---

[1] Service of process on a state employee in his or her *official* capacity is directed to the office of the Nebraska Attorney General, as Magistrate Judge Gossett explained in the Order on Initial Review.  In her individual capacity, Ms. Price must be served pursuant to Fed. R. Civ. P. 4(e), which states:

> (e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and

6

The motion to dismiss Ms. Price does not allege any other deficiency beyond the plaintiff's mistake regarding which governmental unit actually employed Ms. Price as a probation officer. Although the plaintiff has not requested another opportunity to serve Ms. Price with process, I will sustain Ms. Price's motion but allow the plaintiff a short period in which to request leave to serve Ms. Price again, if he is so inclined.

THEREFORE, IT IS ORDERED:

1. That filing no. 17, the Motion to Dismiss filed by Holt County Attorney Thomas P. Herzog, in his individual capacity, is granted, and the plaintiff's claims against Mr. Herzog in his individual capacity are dismissed; Mr. Herzog in his official capacity (i.e., Holt County, Nebraska, remains a party to this action);

2. That filing no. 41, the Motion to Dismiss filed by Dave Spiegel, Captain Rice and Investigator Harris is granted, and those defendants, in both capacities, are dismissed from this litigation; and

3. That filing no. 43, the Motion to Dismiss filed by Nebraska State Probation Officer Tara Price, is granted, but the plaintiff shall have thirty (30) days from the date of this order to file a motion requesting another opportunity to serve Ms. Price with process in light of the understandable confusion as to her employer; however, leave to serve any other defendant(s) will not be granted, and any motion filed after the thirty-day deadline set forth above will not be granted.

February 20, 2007.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.