IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY L. RUEGGE, II, ) | 4:06CV3095 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., ) | |
| ) | |
| Defendants. ) | |

   This matter is before the court upon a motion to dismiss by defendant Price (Filing 51) and on the court's own motion to clarify Plaintiff's obligation to make further partial payments of the filing fee in light of the fact that he is no longer incarcerated. For the reasons stated herein, I will give Plaintiff additional direction regarding payment of the remaining portion of the filing fee and will grant the motion to dismiss.

*Obligation to Pay Unpaid Portion of Filing Fee*

   Plaintiff filed his Complaint in this matter on April 18, 2006, while he was incarcerated in Tecumseh, Nebraska. (Filing 1.) Plaintiff was also granted leave to proceed in forma pauperis ("IFP") while he was incarcerated. (Filing 5.) Plaintiff has paid $160.00 of the court's $350.00 filing fee. (*See* Docket Sheet.) Plaintiff filed a change of address on August 15, 2006, indicating that he is no longer incarcerated. (Filing 27.) That change of address inadvertently escaped the court's attention.

   Since Plaintiff is no longer incarcerated, he must now file a new Application for Leave to Proceed IFP if he wishes to continue pursuing this case in forma pauperis. *See, e.g., McGann v. Comm'r, Social Security Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon

satisfying the poverty affidavit requirement applicable to all non-prisoners."). Plaintiff may, in the alternative, pay the remainder of the court's $350.00 filing fee, or $190.00. However, if Plaintiff fails to either file a new IFP application or pay the remainder of the $350.00 filing fee by March 19, 2008, this case will be subject to dismissal without further notice.

*Motion to Dismiss*

Nebraska State Probation Officer Tara Price, who is sued in both her official and individual capacities, has filed a motion to dismiss the official capacity claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[1] and the individual capacity claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] (Filing 51.) Plaintiff filed an initial complaint (filing 1) and an amended complaint (filing 7). Before addressing the motion to dismiss, I note that Defendant Price suggests that the amended complaint (filing 7) should not be considered because it was filed without leave or permission of the court. (Filing 52, Price Br. in Supp. of Mot. to Dismiss at 2.) I reject this argument. The Order on Initial Review (filing 6) was sufficient authorization for filing of the amended complaint, and I deem filings 1 and 7 to constitute one "Complaint."

I understand the Complaint to assert civil rights claims pursuant to 42 U.S.C. § 1983, alleging that Defendants subjected Plaintiff to illegal search and seizure and false imprisonment. The only relief sought is money damages.

---

[1]The Supreme Court has not decided whether Eleventh Amendment immunity is a matter of subject-matter jurisdiction. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that Eleventh Amendment does not automatically destroy original jurisdiction).

[2]Regardless of whether a motion to dismiss has been filed, I am required to dismiss an IPF complaint, at any time, if I find that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to withstand a Rule 12(b)(6) motion to dismiss, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

I previously referred to details of the incident giving rise to this suit as set forth in the decision by the Nebraska Court of Appeals in *State v. Ruegge*, 2005 WL 873730 (Neb. App. April 12, 2005)[3] when ruling on other motions to dismiss. (Filing 45.) Construing the Complaint liberally by again noting the details set forth in *Ruegge*, I understand the factual allegations of the Complaint to be as follows.

- On May 1, 2002, Ruegge was sentenced to one year's probation in Woodbury County, Iowa on the misdemeanor offense of possession of a controlled substance. The maximum penalty is one year's imprisonment and a fine. *Ruegge* at *1.

- On March 12, 2003, Ruegge was convicted in Holt County, Nebraska of the Class IV felony offense of possession of methamphetamine. *Ruegge* at *1, Filing 1 at page 5, first ¶.

- An application was filed in Iowa for revocation of Ruegge's probation on the May 1, 2002 Iowa conviction, based on an allegation that his March 2003 Nebraska conviction constituted a violation of the Iowa probation order." *Ruegge* at *1.

---

[3]Subsequently cited as "*Ruegge* at *___.*"

- On April 15, 2003, a misdemeanor arrest warrant was issued in Iowa for Ruegge's arrest. *Ruegge* at *1. At the time, Ruegge was living in Holt County, Nebraska.

- At an unspecified time, presumably on April 15, defendant **Price** (a Nebraska State Probation Officer) telephoned defendant Campbell[4] (assistant County Attorney for Woodbury County, Iowa) "to see if my conviction of [possession of methamphetamine] in Nebraska violated my probation in Iowa." Campbell replied that it did, and that he "would file a revocation of probation." Campbell faxed an Iowa bench warrant to **Price**, and **Price** "contacted Don Clyde of the O'Neill Police Department with a copy of the bench warrant." (Filing 1 at page 5, first ¶; Filing 7 at page 1, second ¶.) This was likely on April 15, 2003. *Ruegge* at *1 ("On April 15, 2003, an investigator with the O'Neill Police Department was made aware of the Iowa misdemeanor arrest warrant.")

- On April 23, 2003, Nebraska State Patrol officers and City of O'Neill police officers entered Ruegge's home by force and arrested him on the Iowa bench warrant. (Filing 1 at page 5, second ¶.) The Complaint goes on to describe the aftermath of the arrest.[5]

*Official capacity claim*

Price is a Nebraska State Probation Officer. It is clear that Price, in her official capacity, is immune from suit for damages, which is the only form of relief that

---

[4]The Clerk of the Court interpreted the handwritten Complaint to name unknown "Gamble" as a defendant. The return of service indicates this defendant's name is Mark Campbell. (Filing 33.) I will direct the Clerk to correct the name of this defendant to Mark Campbell.

[5]Ruegge was later charged with a Nebraska drug crime based on evidence obtained as a result of the April 23, 2003 arrest at the core of the case before me. *Ruegge* upheld the suppression of evidence in that criminal case for the reason that the arrest did not comply with Nebraska statutory requirements for obtaining a Nebraska warrant based on the Iowa bench warrant.

Ruegge is seeking. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 & n.19 (8th Cir. 1999) (Eleventh Amendment immunity bars § 1983 actions against state officials in their official capacities, except for injunctive relief); *Poor Bear v. Nesbitt*, 300 F. Supp.2d 904, 913-14 (D .Neb. 2004) ("It is well-settled that the State of Nebraska has not waived its immunity from liability in civil rights actions.").

## *Individual Capacity Claim*

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, the Complaint fails to allege any constitutional injury or any violation of federal statutory rights by Price.

The sole allegations about Price are that she communicated information–which is *not* alleged to be false or inaccurate–to law enforcement officials. The Complaint mentions Price only three times. While Ruegge was on probation in Iowa for an offense committed in Woodbury County, Iowa and was awaiting sentencing on the March 12, 2003, Nebraska conviction for possession of methamphetamine, Nebraska State Probation Officer Price contacted defendant Campbell of the Woodbury County, Iowa county attorney's office. Price asked Campbell whether the Nebraska conviction (the validity of which is not questioned) would violate the terms of the Iowa probation. This led to Campbell seeking an Iowa bench warrant for violation of the Iowa probation. Campbell faxed that warrant to Price, and Price then provided a copy of that Iowa bench warrant to defendant Clyde, a City of O'Neill police officer.

Plaintiff asserts that his April 23 arrest for violation of his Iowa parole and the search of his home which followed it constituted unlawful search and seizure.

-5-

Though certain unlawful search and seizure claims assert deprivation of Fourth Amendment rights, here the Complaint does not assert that Price was one of the individuals who participated in the entry into Plaintiff's home and the subsequent search and arrest. Thus the Complaint fails to state a claim against Price based on deprivation of Fourth Amendment rights. (I do not now opine as to whether it states a Fourth Amendment-based claim against the remaining defendants.)

The Complaint asserts a claim of false imprisonment but doe s not assert any due process violation. This is insufficient to state a § 1983 claim. *See, e.g.*, *King v. Beavers*, 148 F.3d 1031, 1034 ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished "without due process of law."'") (internal citation omitted).

Even if I construe the Complaint to assert that Price's actions regarding the Iowa arrest warrant constitute malicious prosecution or abuse of process, the Complaint still fails to state a federal constitutional claim against Price. Malicious prosecution and abuse of process are state law torts, and assertions of state law torts are insufficient to state a § 1983 violation. *See, e.g., Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) ("It is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" (quoting *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 977 (8th Cir.1993)). Furthermore, an essential element of abuse of process is an ulterior motive. *Gordon v. Community First State Bank,* 587 N.W. 2d 343, 351 (Neb. 1998). Price is not alleged to have any ulterior motive in asking an assistant county attorney from Iowa whether conviction of a Nebraska crime would violate terms of Iowa probation, or in giving a City of O'Neill police officer a copy of an Iowa bench warrant that was transmitted to Price by the Iowa county attorney.

After entry of this order, and assuming that Plaintiff timely pays the remaining filing fee or submits a new IPF application, the sole remaining defendants will be the City of O'Neill police officers (Clyde, Machett, and Parks ) and Mark Campbell, a Woodbury County, Iowa county attorney, all in both their official and individual capacities.

For the reasons stated above,

IT IS ORDERED that:

1. By March 19, 2008, Plaintiff shall either file a new Application to Proceed in Forma Pauperis or pay the remainder of the $350 filing fee ($190.00). If Plaintiff fails to comply with this memorandum and order, this case may be subject to dismissal after March 19, 2008 without further notice;

2. The Clerk of the court shall send to Plaintiff Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit;"

3. Plaintiff is reminded to keep the court informed of his current address at all times while this case is pending and failure to do so could result in dismissal;

4. The Clerk of the court is directed to set a pro se case management deadline with the following text: *March 19, 2008: deadline for Plaintiff to file new IFP application or pay filing fee;*

5. The motion in filing 51, insofar as it seeks to dismiss the official capacity claim against Price, is granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2)(B), based on Eleventh Amendment immunity;

6. The motion in filing 51, insofar as it seeks to dismiss the individual capacity claim against Price, is granted pursuant to Fed. R. Civ. P. 12(b)(6)and 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim;

7. The Clerk of the Court is directed to correct the name of defendant "unknown Gamble" to "Mark Campbell;" and

8. After entry of this order, the sole remaining defendants are the City of O'Neill police officers (Clyde, Machett, and Parks ) and Mark Campbell, a Woodbury County, Iowa county attorney, all in both their official and individual capacities.

February 19, 2008.                     BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge