IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY L. RUEGGE II, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3095 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | **MEMORANDUM** |
| EMPLOYEE'S as DEFENDANT'S, | ) | **AND ORDER** |
| O'NEILL POLICE DEPARTMENT, | ) | |
| (OPD), UNKNOWN CLYDE, | ) | |
| Sergent, UNKNOWN MACHETT, | ) | |
| Chief (NSP), UNKNOWN | ) | |
| SPIEGAL, Officer, NEBRASKA | ) | |
| STATE PATROL, Troop B, | ) | |
| SPECIAL WEAPONS AND | ) | |
| TACTICS (SWAT) TEAM, | ) | |
| UNKNOWN RICE, Captain, | ) | |
| Nebraska State Patrol, UNKNOWN | ) | |
| HARRIS, Investigator, UNKNOWN | ) | |
| PARKS, Investigator, HOLT | ) | |
| COUNTY ATTORNEY'S OFFICE, | ) | |
| Thomas P. Herzog, county attorney, | ) | |
| in his official capacity, THOMAS P. | ) | |
| HERZOG, as County Attorney, | ) | |
| TARA PRICE, Holt County | ) | |
| Probation Officer, In their Official | ) | |
| and Individual Capacity, MARK | ) | |
| GAMBLE, Prosecutor for the | ) | |
| Woodbury County Attorney Office, | ) | |
| In their Official and Individual | ) | |
| Capacity, and MARK CAMPBELL, | ) | |
| Prosecutor for the Woodbury County | ) | |
| Attorney Office, in his official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

I have previously dismissed most of the defendants in this matter. (Filing Nos. 45, 47, 55, 56.) The only remaining defendants are three City of O'Neill police officers (Chief Matchett, Officer Clyde and Officer Parks), Woodbury County, Iowa prosecutor, Mark Campbell, and Holt County Attorney, Thomas P. Herzog. (Filing No. 56.) The three City of O'Neill police officers and Mark Campbell are sued in both their official and individual capacities. (*Id.*) Thomas P. Herzog is sued in his official capacity only. (*Id.*)

The police officers and the Holt County Attorney have filed unopposed motions for summary judgment which I will grant. The suit against the Iowa prosecutor, Mr. Campbell, will be dismissed on the court's own motion pursuant to Federal Rule of Civil Procedure 4(m). My reasons for this decision are briefly set forth below.

*Allegations of Amended Complaint*

In my prior ruling on motions to dismiss (filing no. 45), I referred to the decision of the Nebraska Court of Appeals in *State v. Ruegge*, 2005 WL873730 (Neb. App. April 12, 2005)[1] to note the details that gave rise to this suit. Construing the Amended Complaint liberally by again noting the details set forth in *Ruegge*, I understand the factual allegations of the plaintiff's pleadings to be as follows:

\* On May 1, 2002, Larry Ruegge ("Ruegge") was sentenced to one year's probation in Woodbury County, Iowa on the misdemeanor offense of possession of

---

[1]Holding that "[b]ecause the Iowa misdemeanor arrest warrant was, standing on its own, invalid in Nebraska and because the arrest and entry into [the plaintiff's] home was not justified by either a Nebraska arrest warrant or circumstances justifying a warrantless arrest, the district court was correct to suppress the evidence in this case." *State v. Ruegge*, 2005 WL873730 (Neb. App. April 12, 2005) at \* 5.

a controlled substance. The maximum penalty is one year's imprisonment and a fine. *Ruegge* at *1.

\*       On March 12, 2003, Ruegge was convicted in Holt County, Nebraska of possession of methamphetamine, a Class IV felony offense. *Ruegge* at *1. (Filing No. 1 at CM/ECF p. 5, ¶ 1.)

\*       An application was filed in Iowa for revocation of Ruegge's probation on the May 1, 2002 Iowa conviction, based on an allegation that his March 12, 2003 Nebraska conviction constituted a violation of the Iowa probation order. *Ruegge* at *1.

\*       On April 15, 2003, a misdemeanor arrest warrant was issued in Iowa for Ruegge's arrest. *Ruegge* at *1. At that time, Ruegge was living in Holt County, Nebraska.

\*       At an unspecified time, presumably on April 15, defendant Price (a Nebraska State Probation Officer) telephoned defendant Campbell (assistant County Attorney for Woodbury County, Iowa) "to see if [the] conviction of [possession of methamphetamine] in Nebraska violated [Ruegge's] probation in Iowa." (Filing No. 1 at CM/ECF p. 5.) Campbell replied that it did, and that he "would file a revocation of probation." (*Id.*) Campbell faxed an Iowa bench warrant to Price, and Price "contacted Don Clyde of the O'Neill Police Department with a copy of the bench warrant." (Filing No. 7 at CM/ECF p. 1, ¶ 2.) This was likely on April 15, 2003. *Ruegge* at *1. ("On April 15, 2003, an investigator with the O'Neill Police Department was made aware of the Iowa misdemeanor arrest warrant.")

\*       On April 25, 2003, Nebraska State Patrol officers and City of O'Neill police officers entered Ruegge's home by force and arrested him on the Iowa bench warrant. (Filing No. 1 at CM/ECF p. 5, ¶ 2.)

*The O'Neill Police Officers In Their Individual Capacities*

The plaintiff was instructed to serve individual defendants personally even though they were also sued in their official capacities; that is, the plaintiff was instructed that "government employees are served in different locations in their individual and official capacities" and "government employees in their individual capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf." (Filing No. 6 at CM/ECF pp. 1, 5.) Instead of following this direction, the plaintiff caused the summons for the police officers to be served on the city clerk or mayor. (Filing Nos. 11, 12, 40.) The police officers, in their individual capacities, move for summary judgment contending that service of process was improper.

There is no evidence that the city clerk or mayor has authority to accept service personally for the police officers. Accordingly, this case will be dismissed without prejudice as to the O'Neill police officers in their individual capacities because the plaintiff has failed to properly serve the officers in their individual capacities. *See*, *e.g.*, Federal Rule of Civil Procedure 4(e) (detailing methods for service on individuals); *Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008) (dismissing complaint against police officers without prejudice because neither the police department nor the city were authorized to accept service on behalf of the police officers).

*The City of O'Neill (the Police Officers in Their Official Capacities)*

Because the police officers are also sued in their official capacities, that portion of the plaintiff's claim is in reality asserted against the City of O'Neill. On behalf of the City, the police officers assert, and the plaintiff has not disputed, that the following facts are both material and true:

1.      In April 2003, an Iowa bench warrant for the arrest of Plaintiff Larry Ruegge was brought to the attention of Ben Matchett, then Chief of the O'Neill Police Department. The bench warrant stated that Ruegge had violated the terms of his probation for the offense of possession of methamphetamine.

2.      On April 21, 2003, Chief Matchett met with the Holt County attorney and Investigator Dave Spiegel of the Nebraska State Patrol to discuss executing the Iowa bench warrant. It was decided that the Nebraska State Patrol's Special Weapons and Tactics ("SWAT") Team would execute the warrant.

3.      The SWAT Team is operated under the authority of the Nebraska State Patrol. The Nebraska State Patrol is established by Nebraska statute and is headed by the Superintendent of Law Enforcement and Public Safety. The city has no authority to control, supervise, or direct the activities of the Nebraska State Patrol or its SWAT Team.

4.      On April 24, 2003, Chief Matchett received a call from a Nebraska State Patrol Officer informing him that the SWAT Team would be executing the Iowa bench warrant the next day and asking for the assistance of the city police to secure the perimeter of Ruegge's residence while the SWAT Team executed the warrant.

5.      On April 25, 2003, the SWAT Team executed the Iowa bench warrant at Ruegge's residence by "bat" ramming the front door and making entry.[2] City officers were stationed outside the residence in the street and alley way to secure the perimeter. The SWAT Team arrested Ruegge in the residence and observed a substance that was believed to be methamphetamine.

---

[2]According to the Nebraska Court of Appeals, the "record [in the criminal case] indicates that Larry has a history of some violent conduct and resisting arrest." *Ruegge* at * 1.

6. Based upon the SWAT Team's observations, the city officers obtained a search warrant and searched Ruegge's residence.

7. Criminal charges were subsequently brought against Ruegge in the District Court of Holt County, Nebraska.

(Filing No. 58 at CM/ECF pp. 2-3 (Statement of Material Facts); Filing No. 59 (Index of Evidence, including Affidavit of Ben Matchett and related documents).)

In order to prevail on his claim against the City, the plaintiff must prove that the municipality had a "policy" or "custom" of making unconstitutional searches and seizures. *See, e.g.*, *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (affirming grant of summary judgment in favor of Ramsey County, Minnesota because the evidence failed to establish a "policy" or "custom" of the County or the sheriff's department to violate the Fourth Amendment) (applying *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

To prove a "policy," the plaintiff must establish the existence of "an official policy" which is "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* No evidence of such an "official policy" exists here.

To prove a "custom," the plaintiff must show three things. First, the plaintiff must show "a continuing, widespread, persistent pattern of unconstitutional misconduct by governmental employees." *Id.* (citation and internal quotation marks omitted). Second, the plaintiff must show "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Id.* Third, the evidence must show that the "custom" was the "moving force" behind the constitutional violation. *Id.*

There is no evidence in this case from which a reasonable jury could conclude that any of these three factors exist.

*Holt County (Thomas P. Herzog in his Official Capacity)*

On behalf of Holt County, Mr. Herzog asserts, and the plaintiff has not disputed, that the following facts are both material and true:

1. On or about April 23, 2003, Holt County Attorney Thomas P. Herzog had a conversation with investigator Dave Spiegel of the Nebraska State Patrol and Ben Matchett, Chief of Police of the City of O'Neill, regarding the State Patrol's intent to execute on an Iowa arrest warrant on the Plaintiff Larry Ruegge. At no time did any co-defendant or law enforcement official ask for Mr. Herzog's opinion or for his permission to execute upon the arrest warrant. Mr. Herzog was simply informed that the execution of the warrant would be handled by the State Patrol's SWAT team. At no time did Mr. Herzog offer his opinion or grant his permission for the execution of the warrant, and at no time did Mr. Herzog have authority to control, organize, supervise or direct the activities of the State Patrol or the O'Neill Police Department.

2. Mr. Herzog did not have any further conversations with any representatives of the State Patrol or the O'Neill Police Department prior to the execution of the warrant. Neither he nor any Holt County representative participated in any manner in the execution of the warrant.

3. As Holt County Attorney, Mr. Herzog is the County's chief policymaker with respect to enforcement of local, state and federal laws. Mr. Herzog is aware of the customs and policies of Holt County, and there is not and has never been any custom or policy to illegally search, seize or arrest persons without proper warrants, to be indifferent to any person's legal rights or to otherwise violate any lawful rights of any person.

(Filing No. 62 at CM/ECF p. 2 (Statement of Material Facts); Filing No. 61 (Index of Evidence, including Affidavit of Thomas P. Herzog).)

As with the City of O'Neill, Holt County is entitled to summary judgment. There is no evidence that Holt County adopted or employed an unconstitutional policy or custom of violating the Fourth Amendment.

*Mark Campbell, the Woodbury County, Iowa Prosecutor*

As earlier noted, the plaintiff was given instructions on April 24, 2006 about how to serve defendants in their official and individual capacities. (Filing No. 6 at CM/ECF pp. 1, 5.) The plaintiff was also warned that if he did not accomplish service within 120 days of the filing of a complaint, dismissal of this case could take place "without further notice." (*Id.* at CM/ECF p. 3, ¶ 5.)

Instead of complying with these directives, the plaintiff prepared and caused the summons for Mark Campbell to be served on the Nebraska Attorney General on October 24, 2006. (Filing No. 33.) The plaintiff knew that this was incorrect. In a letter he sent to the Clerk, submitting the summons forms for issuance, the plaintiff stated that he knew that the address he placed on the summons was not the "home address." (Filing No. 31, Attach. 1.)

Obviously, service on the Nebraska Attorney General was not proper for Mr. Campbell, the Iowa prosecutor, in his official or individual capacities. *See* Fed. R. Civ. P. 4(e) (detailing methods for service on individuals); Fed. R. Civ. P. 4(j) (detailing method for service on local governments); *Love v. Hayden*, 757 F. Supp. 1209, 1211 (D. Ka. 1991) (service upon Kansas Attorney General did not constitute effective service upon state officials in their individual capacities).

Federal Rule of Civil Procedure 4(m) allows me to dismiss this case on my own motion providing that notice has been given to the plaintiff. Because the plaintiff was notified more than two years ago that he must comply with the provisions of Federal Rule of Civil Procedure 4 or his case could be dismissed without further notice, I now do what we warned the plaintiff we would do if he failed to comply with the rules. That is, I dismiss the plaintiff's case against Mark Campbell, in his official and individual capacities, without prejudice.

IT IS THEREFORE ORDERED that:

1. The motion for summary judgment (filing no. 57) is granted in favor of Defendant Matchett (also described in the caption as "Unknown Machett [sic], Chief (NSP)[sic]"), Defendant Clyde (also described in the caption as "Unknown Clyde, Sergent [sic]") and Defendant Parks (also described in the caption as "Unknown Parks, Investigator") in their individual capacities. This case is dismissed without prejudice against these defendants in their individual capacities.

2. The motion for summary judgment (filing no. 57) is granted in favor of Defendants Matchett, Clyde and Parks in their official capacities (also described in the caption as the "O'Neill Police Department"). This case is dismissed with prejudice against these defendants in their official capacities.

3. The motion for summary judgment (filing no. 60) is granted in favor of Defendant Thomas P. Herzog in his official capacity (also described in the caption as the "Holt County Attorney's Office, Thomas P. Herzog, county attorney, in his official capacity"). This case is dismissed with prejudice against this defendant in his official capacity.

4.  On the Court's own motion and pursuant to Federal Rule of Civil Procedure 4(m), dismissal is granted in favor of Defendant Mark Campbell, a Woodbury County, Iowa prosecutor, in his individual and official capacities (also described in the caption as "Mark Gamble [sic], Prosecutor for the Woodbury County Attorney Office, In their [sic] Official and Individual Capacity" and "Mark Campbell, Prosecutor for the Woodbury County Attorney Office, in his official and individual capacity."). This case is dismissed without prejudice against this defendant.

August 8, 2008.                     BY THE COURT:

                                    *s/Richard G. Kopf*
                                    United States District Judge